

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

_____

*Judiciary Center*
*555 Fourth St , N W.*
*Washington, D C   20530*

October 4, 2011

BY EMAIL
Lara Quint, Esq.
Federal Public Defender Service
625 Indiana Ave., NW
Suite 550
Washington, D.C.  20004

# FILED

## OCT 2 6 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Re: U.S. v. Malik Shabazz, 11-168 (EGS)

Dear Ms. Quint:

This letter sets forth the full and complete plea offer to your client, Malik Shabazz, (hereinafter also referred to as "your client" or "defendant") from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1. **Charges and Statutory Penalties**. Your client agrees to plead guilty to False Personation of an Officer of the United States, in violation of 18 U.S.C. § 912, as charged in the Indictment that has been filed in the United States District Court for the District of Columbia.

Your client understands that pursuant to 18 U.S.C. § 912, False Personation of an Officer of the United States carries a maximum penalty of not more than 3 years of imprisonment, a fine of not more than $250,000 or twice the amount of the pecuniary gain or loss, pursuant to 18 U.S.C. § 3571(b)(3) and (d), or both, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made, and a period of supervised release of not more than one year, 18 U.S.C. § 3583(b)(3).

*M_____*  Defendant

*LGQ*  Counsel

In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that pursuant to 18 U.S.C. § 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

Furthermore, your client agrees to enter a plea of guilty to the following counts in Case No. 2011 CF1 14803, a case which is pending in the Superior Court of the District of Columbia:

a. Second Degree Theft in violation of DC Code § 22-3212(b) against L.S. and L.H., and False Personation of Police Officer, in violation of D.C. § 22-1406 for his conduct on July 6, 2011, at the Washington Hilton Hotel. The defendant may receive up to and including 180 days incarceration and/or a $1000 fine for each of these offenses.

b. Fourth Degree Sexual Abuse (11(e)(1)(c) as described below) against A.K., in violation of DC Code § 22-3005, for his conduct on July 24, 2011, at the Washington Hilton Hotel. For this crime the defendant may receive up to 5 years incarceration and/or a fine in an amount not to exceed $50,000. For purposes of the D.C. Voluntary Sentencing Guidelines (Guidelines), Fourth Degree Sexual Abuse is a Group 8 offense.

c. Second Degree Burglary against A.M., in violation of D.C. Code § 22-801(b) and False Personation of Police Officer in violation of D.C. § 22-1406 for his conduct on July 28, 2011, at the Westin Hotel. For Second Degree Burglary, the defendant "shall be punished by imprisonment for not less than 2 years nor more than 15 years." For purposes of the Guidelines, Second Degree Burglary is a Group7 offense.

Your client acknowledges that the terms of his plea in Case No. 2011 CF1 14803 are more fully set forth in a plea letter to his counsel, Andrew Stanner, Esq., dated September 19, 2011, and that his plea agreement in this case is wired to the terms of the plea agreement in Case No. 2011 CF1 14803.

2. **Additional Charges**. In consideration of your client's plea to the above offense(s), your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached "Statement of Offense in Support of Guilty Plea."

Other than the offenses to which your client agrees to plead guilty pursuant to this Plea Agreement and the Plea Agreement in Case No. 2011 CF1 14803, the United States agrees not to charge your client with any other criminal offenses committed before execution of this agreement,

*MH_* Defendant

*LGG_* Counsel                    2

within the District of Columbia, relating to the offenses described in Paragraph 1, above.  This Plea Agreement does not apply to any other "crimes of violence," as that term is defined by 18 U.S.C. § 16 and  D.C. Code § 23-1331(4), or any offenses which your client failed to disclose to us before entering into this agreement.

3.  **Factual Stipulations**.  Your client agrees that the attached "Statement of Offense in Support of Guilty Plea" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty.  It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of Offense as a written proffer of evidence.

4.  **Sentencing Guidelines**.  Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2010) (hereinafter "Sentencing Guidelines" or "U.S.S.G.").  Pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 11(c)(1)(B), and  to assist the Court in determining the appropriate sentence, the parties stipulate to the following.  However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.

A.  **Offense Level under the Sentencing Guidelines**.  The parties agree that the defendant's Offense Level will be determined by the provisions contained in U.S.S.G. § 2J1.4, and that, at a minimum, the Specific Offense Characteristics described below should apply.  However, the calculations set forth below are simply an estimate, and are not binding on the Court or the U.S. Probation Office.

The Base Offense Level for U.S.S.G. § 2J1.4(a) is 6.  There are no applicable Specific Offense Characteristics.

B.  **Adjustment for Acceptance of Responsibility**.  Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a).  Accordingly, the Adjusted Offense Level is 4.

The government believes that the defendant's Criminal History consists of the following conviction: False Personation of an Officer of the United States, Cr. Case No. 10-40 (MT, 3/5/2010).  The government believes the defendant will fall into Criminal History Category II, and that his Sentencing Guidelines sentencing range will be 0-6 months incarceration (OL 4; CH II).

 Defendant

_LCQ_ Counsel                                             3

5. **Agreement as to Sentencing Allocution**. The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the parties agree that your client may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of the Guidelines range based upon the factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a). Your client understands, however, that the Government will oppose a sentence outside of the applicable Guidelines range.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G., § 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G., § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. § 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

6. **Court Not Bound by the Plea Agreement**. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

7. **Court Not Bound by the Non-Mandatory Sentencing Guidelines**. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to

 Defendant

Counsel                    4

what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

8. **Restitution**. In addition to the other penalties provided by law, the Court also may order that your client make restitution under 18 U.S.C. § 3663A. Restitution is payable immediately unless ordered otherwise by the Court. Also, please note that the Court may order that interest be paid on unpaid restitution.

Your client understands that an unanticipated request for restitution by a victim(s) or an unanticipated amount of a restitution ordered by the Court will not serve as grounds to withdraw your client's guilty plea. Your client also understands that the Court may not decline to order restitution because of your client's economic circumstances or the fact that the victim(s) have, or may be entitled to, receive compensation for any losses from any other source. Restitution is payable immediately at the time of sentencing unless ordered otherwise by the Court.

9. **Waiver of Rights**. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

10. **Waiver of Statute of Limitations**. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution related to this case that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution related to this case that is not time-barred on the date that this Agreement is signed.

11. **Waiver of Appeal**. Your client is aware that federal law, specifically 18 U.S.C. § 3742, affords your client the right to appeal the sentence in this case. Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K2.0, or based on a consideration of the sentencing factors set forth

*M H S*  Defendant

*LБЧ* Counsel                    5

*fwr*
*LGQ*
*MHS*

*he will remain in detention pending sentencing.*

in 18 U.S.C. § 3553(a). Further, your client reserves the right to make a collateral attack upon your client's sentence, pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

12. **Release/Detention and Actions Pending Sentencing**. Your client acknowledges that ~~while the Government will not seek a change in your client's release conditions pending sentencing,~~ the final decision regarding your client's bond status or detention will be made by the Court at the ~~time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.~~

13. **Breach of agreement**. Your client understands and agrees that if he fails to successfully enter a guilty plea and proceed to sentencing in either D.C. Superior Court Case No. 2011 CF1 14803 or U.S. District Court Case No. 11-168, that will constitute a breach of this Plea Agreement and the parties will return to the *status quo ante*.

Your client understands and agrees that if, after entering into this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Fed. R. Crim. P. 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

*MHS*  Defendant

*LGQ*  Counsel                    6

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

14. **Complete Agreement**. No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia. The Plea Agreement in this matter is subject to the terms of the plea letter in U.S. v. Malik Shabazz, Case No. 2011 CF1 14803.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely,

RONALD C. MACHEN JR.
United States Attorney

Frederick W. Yette,
Assistant United States Attorney

_Mili S_ Defendant

_LG G_ Counsel                                    7

**Defendant's Acceptance**

I have read this plea agreement discussed it with my attorney, Lara Quint, Esq.  I fully understand this Agreement and agree to it without reservation.  I do this voluntarily and of my own free will, intending to be legally bound.  No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully.  I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.  I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

_____
Date

_____
Malik Shabazz
Defendant

**Attorney's Acknowledgment**

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully.  These pages accurately and completely set forth the entire Plea Agreement.  I concur in my client's desire to plead guilty as set forth in this Agreement.

_____
Date

_____
Lara Quint
Counsel for Mr. Shabazz

8