## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO.: 11-168 (EGS)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **MALIK SHABAZZ,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in its sentencing decision. On October 26, 2011, the defendant plead guilty to False Personation of an Officer of the United States, in violation of 18 U.S.C. § 912. Paragraph 81 of the Presentence Report indicates that the defendant's sentencing guideline range is 0 to 6 months incarceration. For the reasons discussed below, the government urges the Court to impose a sentence of six months, <u>consecutive</u> to the sentence that will be imposed in the defendant's case pending in the Superior Court of the District of Columbia, Case No. 2011 CF1 14803.

As the Court knows, the offense in this case involved Mr. Shabazz's impersonation of a U.S. Marshal when he entered the Gallery Place Metro Station on January 28, 2011. The Presentence Report also describes the criminal offenses to which Mr. Shabazz has pleaded guilty in the D.C. Superior Court. During those offenses, which involved sexual assault and the theft of money, Mr. Shabazz also pretended to be a U.S. Marshal. The totality of Mr. Shabazz's criminal conduct in 2011 was quite serious. Moreover, he committed those crimes after committing a similar offense

in 2010, when he impersonated an FBI Agent while at an airport in Great Falls, Montana, which resulted in an earlier federal conviction for False Personation of an Officer of the United States.

Before imposing sentence, the Court must consider a number of factors outlined in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant.  At first blush, one might think that the impersonation of a U.S. Marshal is an offense that is not so significant, and therefore a significant sentence is not required.  In this case, the defendant used his false personation of a federal officer to gain free entry into a metro station. However, the defendant's own conduct – committed <u>after</u> his arrest for impersonating a U.S. Marshal at the Gallery Place Metro – has demonstrated how dangerous the impersonation of a federal officer can be.  While committing the crimes charged in D.C. Superior Court, the defendant used his ruse of being a U.S. Marshal to put so much fear into his unsuspecting victims that he was able to steal money from three of them and force a fourth victim to engage in non-consensual sexual activity with him.

It is not difficult to imagine a scenario in which the defendant's impersonation of a federal officer at the metro station could have placed the public in danger.  For example, suppose a crime victim noticed the defendant's fake badge as he entered the metro station and sought his help in apprehending a pick-pocket, thereby subjecting not only the defendant, but others, to physical harm if he had acted consistent with his assumed role as a law enforcement officer.  That did not happen, of course, but the point is that the crime of False Personation of a U.S. Marshal, or any federal officer, is a serious crime that can have significant consequences.  Mr. Shabazz has committed this crime not once, but  four times, counting his prior conviction in Montana and the two Personation of a Police Officer offenses to which he has admitted guilt in his D.C. Superior Court case.

When fashioning a sentence, the Court is called upon to impose a sentence that provides adequate deterrence, protects the public from further crimes by the defendant, and promotes respect for the law.  Each of these considerations supports a sentence of incarceration.  According to the Presentence Report, the defendant received a sentence of time served, i.e, 150 days incarceration, for his first federal conviction for False Personation of an Officer of the United States.  Since that sentence did not discourage Mr. Shabazz from committing the same crime less than a year later, it seems that a longer sentence would be fair and appropriate.  In this case, the high end of the sentencing guideline range is six months, or 180 days.  Such a sentence would protect the public from additional crimes by Mr. Shabazz for that period of time and promote respect for the law by demonstrating that repeat violations of the same crime are not greeted with good cheer, but instead with firm correction and punishment.  Therefore, a six month sentence of incarceration is appropriate in this case.

Finally, although the defendant has requested a concurrent sentence, the Court's sentence in this matter should be imposed consecutively.  To do otherwise would frustrate the terms of the defendant's plea agreement in his D.C. Superior Court case, which is wired to the plea agreement in this case.  The plea letter in this federal case provides the following:

> Your client [Mr. Shabazz] acknowledges that the terms of his plea in Case No. 2011 CF1 14803 are more fully set forth in a plea letter to his counsel, Andrew Stanner, Esq., dated September 19, 2011, and that his plea agreement in this case is wired to the terms of the plea agreement in Case No. 2011 CF1 14803.

Plea Letter to Lara Quint, Esq., dated October 4, 2011, para. 1.  Paragraph 14 of the plea agreement in this case also states: "The Plea Agreement in this matter is subject to the terms of the plea letter in U.S. v Malik Shabazz, Case No. 2011 CF1 14803."  It is therefore clear that the plea agreement

in this case must be read in conjunction with the plea agreement in the defendant's D.C. Superior

Court case.

Although the plea letter in the federal case referred to a D.C. Superior Court plea agreement

dated September 19, 2011, a later version of the D.C. Superior Court plea letter was issued and dated

October 13, 2011.  See Attachment A.  Both of the plea letters in the D.C. Superior Court case were

provided to Mr. Shabazz's counsel in this case, and the critical terms regarding the defendant's

sentence are identical in both plea letters.  In particular, paragraph 10(b) of the D.C. Superior Court

plea letter states:

> In reference to the sentence for Fourth Degree Sexual Abuse against
> A.K., your client and the Government agree to the following.  With
> regard to the count of Fourth Degree Sexual Abuse against A.K., in
> criminal case number 2011 CF1 14803, the sentence is 36 months (3
> years), followed by 3 years of supervised release.  Your client agrees
> that this sentence will run consecutive to any other sentence issued in
> 2011 CF1 14803, in particular those counts listed in paragraphs 1a
> and 1c above, and any sentence issued in United States v. Malik
> Shabazz, U.S. District Court Criminal Case Number 11-168.

This provision is the same in both D.C. Superior Court plea letters dated September 19, 2011

and October 13, 2011, although it is in paragraph 9(b) of the September letter because a new

paragraph 8 was added to the October letter.  Since Mr. Shabazz has agreed that his Superior Court

sentence should run consecutive to his sentence in his federal case, a consecutive sentence in the

federal case would fulfill the terms of the Superior Court plea agreement, as well as the terms of the

federal plea agreement, which is "wired to" and "subject to" the terms of the Superior Court plea

agreement.

Furthermore, a consecutive sentence is appropriate because it recognizes that the defendant

committed a separate offense on January 28, 2011, several months before he committed the crimes

charged in the D.C. Superior Court case.

For the reasons stated herein, as well as at the sentencing hearing for this case, the government urges the Court to impose a sentence of six months, consecutive to the sentence the defendant will receive in D.C. Superior Court case 2011 CF1 14803.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney

By:          /s/
FREDERICK W. YETTE, DC Bar 385 391
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.  20530
(202) 252-7733
Frederick.Yette@usdoj.gov